UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM ARNOLD, WILLIAM PRUITT and ROSE YOUNG PRUITT, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:10CV2429SNLJ ) |
| AT&T, INC., AT&T CORP., AMERICAN TELEPHONE AND TELEGRAPH CO., and SOUTHWESTERN BELL TELEPHONE CO. d/b/a AT&T MISSOURI, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs are landline telephone customers of the defendants. Their claims arise out of and relate to charges on their telephone bills which they allege they were billed for, and paid for, products or services from third parties that they did not order or authorize. Specifically, they allege that they incurred unauthorized prepaid services charges for services that came under the names of Enhanced Services, HBS Billing Services, and/or ILD Teleservices. They have filed a putative nationwide class action complaint for damages against the defendants for violation of the Federal Communications Act (FCA) (Count I); unjust enrichment (Count II); breach of written contract (Count III); breach of the implied covenant of good faith and fair dealing (Count IV); common law fraud (Count V); violation of the Missouri Merchandising Practices Act (MMPA)(Count VI); and conspiracy to commit fraud (Count VII). This matter is before the Court on defendants AT&T Corp.'s and Southwestern Bell Telephone Co. d/b/a AT&T

Missouri's (hereinafter referred to as simply AT&T Missouri) Rule 12(b)(6) motion to dismiss [20], filed March 21, 2011. As of today's date, plaintiffs have failed to file a response.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir.

2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.").

Defendants contend that the plaintiffs' complaint must be dismissed for several reasons. Firstly, they contend that the parties' relationship and the claims arising from that contractual relationship is governed by tariffs, which contain a limitation of liability clause that bars the plaintiffs' lawsuit. Secondly, defendants contend that the plaintiffs' claims in Counts I-V and Count VII are barred by the voluntary payment doctrine because the plaintiffs pled that they knowingly paid a disclosed line-item prior to disputing same. Thirdly, defendants contend that Counts V and VII are also barred pursuant to the economic loss doctrine because recovery in tort for purely economic damages is limited to specific instances of loss, and Counts V and VII are claims predicated upon a contractual relationship, and facts are not pled giving rise to any tort allowing for purely economic damages. Next, defendants argue that Count I is barred because neither the FCA's regulations nor the Federal Communication Commission's (FCC) truth-in-

3

billing regulations apply to the defendants' billing of charges for a third-party.  Next, defendants contend that the plaintiffs cannot recover on their quasi-contract theory as contained in Count II because the plaintiffs have alleged that they entered into a written contract with defendants and premise their allegations on this written contract; therefore, they cannot recover on a quasi-contract theory where an express contract exists.  Finally, defendants contend that the plaintiffs have failed to plead that the defendants have acted in bad faith, a necessary requisite for supporting a claim for breach of the covenant of good faith and fair dealing as contained in Count IV of their complaint.

The Court has carefully reviewed the plaintiffs' complaint, the instant motion and all relevant caselaw.  The Court finds that the grounds, as stated in the instant motion and memorandum of law in support, are well-founded.  In light of the plaintiffs' failure to dispute any factual or legal assertions as set forth by the defendants, the Court shall grant the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants AT&T Corp.'s and AT&T Missouri's motion to dismiss [20] be and is **GRANTED** for the reasons set forth in their motion to dismiss and memorandum of law in support [21].  This cause of action is hereby **DISMISSED WITH PREJUDICE** in its entirety as to defendants AT&T Corp. and AT&T Missouri.  No further action shall be taken in this case.

Dated this   18th     day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE