# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KIM ARNOLD, WILLIAM PRUITT and ROSE YOUNG PRUITT, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10CV2429SNLJ |
| AT&T, INC., AT&T CORP., AMERICAN TELEPHONE AND TELEGRAPH CO., and SOUTHWESTERN BELL TELEPHONE CO. d/b/a AT&T MISSOURI, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs are landline telephone customers of the defendants. Their claims arise out of and relate to charges on their telephone bills which they allege they were billed for, and paid for, products or services from third parties that they did not order or authorize. Specifically, they allege that they incurred unauthorized prepaid services charges for services that came under the names of Enhanced Services, HBS Billing Services, and/or ILD Teleservices. They have filed a putative nationwide class action complaint for damages against the defendants for violation of the Federal Communications Act (FCA) (Count I); unjust enrichment (Count II); breach of written contract (Count III); breach of the implied covenant of good faith and fair dealing (Count IV); common law fraud (Count V); violation of the Missouri Merchandising Practices Act (MMPA)(Count VI); and conspiracy to commit fraud (Count VII). This matter is before the Court on defendants AT&T, Inc.'s and American Telephone and Telegraph Co.'s (hereinafter

referred to as simply American Telephone) Rule 12(b)(2) motion to dismiss [22], filed March 21, 2011. As of today's date, plaintiffs have failed to file a response.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts."

Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.").

In support of jurisdiction, plaintiffs plead that they are Missouri residents, and that the defendants are subject to personal jurisdiction in this judicial district, and a substantial part of the events giving rise to their claims occurred in this judicial district. Plaintiffs' Complaint [1], ¶¶3 and 4. Plaintiffs further allege that defendants AT&T, Inc. and American Telephone "at all times relevant w[ere] doing business in the State of Missouri." Plaintiff's Complaint [1], ¶¶ 5 and 7.

As stated before, plaintiffs are residents of Missouri. All of the named defendants, including AT&T, Inc. and American Telephone, are simply referred as "foreign corporation[s]", and that "at all times relevant, w[ere] doing business in the State of Missouri." Plaintiffs' complaint does not aver that any of the alleged misconduct actually occurred in Missouri (other

than the charges appeared on billings which the Court will assume, for purposes of this motion, were received in Missouri). Plaintiffs' complaint does not aver that any communications involving these two (2) defendants transpired to or from Missouri. Plaintiffs simply allege that upon discovery of the purported unauthorized prepaid services, they "called Defendants' customer service" to inquire about the charges. Plaintiffs do not allege that any contracts were signed or negotiated by either one of these two (2) defendants in Missouri.

In the instant matter, defendants AT&T, Inc. and American Telephone attest that they are both incorporated in Delaware; and that AT&T, Inc's principal and only place of business is in Texas, while American Telephone's principal and only place of business is in New Jersey. Both attest that they are holding companies only.[1] They both further attest that they do not provide telecommunications services to the public, nor make or sell any products or services. They both further attest that they do not have employees in Missouri; have no offices or mailing addresses in Missouri; have no owned or leased property in Missouri; do not conduct business in Missouri; pay no income, property, or franchise taxes in Missouri; and do not manufacture any product of any kind or provide any service of any kind that can find its way through the stream of commerce into the State of Missouri. *See*, Defendants' Exhibits 1 and 2, Declarations of Steven Threlkeld and Maryann McGrath.

When personal jurisdiction is challenged, the plaintiff bears the burden to show that jurisdiction exists. Miller v. Nippon Carbon Co., Ltd., 528 F.3d. 1087, 1090 (8th Cir. 2008); Dever v. Hentzen Coatings, 380 F.3d. 1070, 1072-73 (8th Cir. 2004); Epps v. Stewart

---

[1] AT&T, Inc. does aver that co-defendant AT&T Missouri is an indirect subsidiary that does offer telecommunications services in Missouri; however, it has its own corporate structure and identity as a separate corporate entity.

Information Services Corp., 327 F.3d. 642, 647 (8th Cir. 2003); Burlington Industries v. Maples Industries, 97 F.3d. 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d. 573, 575 (8th Cir. 1992); Enterprise Rent-A-Car Co. v. Stowell, 137 F.Supp.2d. 1151, 1154 (E.D.Mo. 2001). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over the challenging defendant. Steinbuch v. Cutler, 518 F.3d. 580, 585 (8th Cir. 2008)("To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state."); Dever, at 1072-73 (plaintiff must produce some evidence; conclusory allegations are insufficient to sustain the *prima facie* showing); Epps, at 647; Clune, et. al. v. Alimak AB, et. al., 233 F.3d. 538, 541 (8th Cir. 2000); Falkirk Mining Co. v. Japan Steel Works, 906 F.2d. 369, 373 (8th Cir. 1990); Enterprise Rent-A-Car, *supra.*, *citing* Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d. 519, 522 (8th Cir. 1996); *see also*, Conway v. Royalite Plastics, 12 S.W.3d. 314, 318 (Mo. 2000); Products Plus v. Clean Green, 112 S.W.3d. 120, 122 (Mo.App. 2003); Johnson Heater Corp. v. Deppe, 86 S.W.3d. 114, 119 (Mo.App. 2002)[2]. A plaintiff's *prima facie* showing must be tested "not by pleadings alone, but by affidavits and exhibits presented with the motions and in opposition thereto." Miller, at 1090 *citing* Dever, at 1072; Dever, at 1072 (citations omitted); *see*, Stevens v. Redwing, 146 F.3d. 538, 543 (8th Cir. 1998)(when considering whether personal jurisdiction exists under Missouri long-arm statute, court may inquire by affidavits or otherwise

---

[2]In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause. Romak USA v. Rich, 384 F.3d. 979, 984 (8th Cir. 2004) *citing* Dever, at 1073. Therefore, Missouri law, as well as federal law applying Missouri law, is relevant to the issue of personal jurisdiction in this case.

into the facts as they exist). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; the party seeking to establish the court's personal jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. Epps, at 647.

There are two prerequisites to a finding of personal jurisdiction over a non-resident defendant: firstly, the forum state's long-arm statute must be satisfied; and secondly, the exercise of jurisdiction does not violate the due process clause of the Fourteenth Amendment. Miller, at 1090; Stanton v. St. Jude Medical, 340 F.3d. 690, 693 (8th Cir. 2003); St. Jude Medical, Inc. v. Lifecare International, 250 F.3d. 587, 591 (8th Cir. 2001); Clune, at 541; Stevens v. Redwing, at 543; Burlington Industries, at 1102. Since Missouri courts have found that its long-arm statute extends jurisdiction over non-resident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment, this Court need only determine whether plaintiff's assertion of personal jurisdiction has satisfied due process. *See*, Romak USA, at 984; Porter v. Berall, 293 F.3d. 1073, 1075 (8th Cir. 2002); Clune, at 541 *citing* State v. Wiesman, 627 S.W.2d. 874, 876 (Mo.1982) and State v. Pinnell, 454 S.W.2d. 889, 892 (Mo.1970); Enterprise Rent-A-Car, at 1155 (citations omitted); *see*, Oriental Trading Co. v. Firetti, 236 F.3d. 938, 943 (8th Cir. 2001)(when a state construes its long-arm statute to grant jurisdiction to the fullest extent permitted under the Constitution, the two-step inquiry collapses into a single question of whether the exercise of personal jurisdiction comports with due process).

Due process requires that a plaintiff show that a non-resident defendant have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice". World-Wide Volkswagon v. Woodson, 444 U.S. 286,

291-92 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); *see*, Asahi Metal Industry Co. Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 109-12 (1987); Miller, at 1090-91; Steinbuch, at 585-86; Stanton v. St. Jude Medical, 340 F.3d. at 693; Epps, at 647-48; Clune, at 541-42 *citing* International Shoe; Burlington Industries, at 1102 *citing* World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980)); Guiness Import Co. v. Mark VII Distributors, et. al., 153 F.3d. 607, 614 (8th Cir. 1998); Enterprise Rent-A-Car, at 1155 *citing* International Shoe. Minimum contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World-Wide Volkswagon, 444 U.S. at 297; Stanton, at 694; Epps, at 648. Minimum contacts can cover a plethora of activities; however, "[t]he baseline for minimum contacts is `some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Clune, at 542 *quoting* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); *see*, Miller, at 1091; Steinbuch, at 586; Romak USA, at 984; Dever, at 1073; Stanton, at 693; Epps, at 648-49; Guiness Imports, at 614.

  The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of `random', `fortuitous', or `attenuated' contacts or of the `unilateral activity of another party or a third person'". Stanton, at 693-94 *quoting* Burger King, 471 U.S. at 475 (citations omitted); *see also*, Epps, at 648; Guiness Imports, at 614. "`Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a `substantial connection' with the forum state.'" Stanton, at 694 *quoting* Burger King, 471 U.S. at 475. That is, "[j]urisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. In other words,

7

the cause of action must `arise out of' or `relate to' a defendant's activities within a state."
Romak USA, at 984 (internal citations omitted).

Based upon the due process standard espoused by World-Wide Volkswagon and International Shoe, *supra.*, and their progeny, the Eighth Circuit Court of Appeals has established a five-factor test to determine the sufficiency of the non-resident defendant's contacts with the forum state. These five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Romak USA, at 984; Dever, at 1073-74; Stanton, at 694; Epps, at 648; Guiness Imports, at 614; Burlington Industries, at 1102; *see also*, Products Plus, at 124. The first three factors are of "primary importance", while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Romak USA, at 984; Dever, at 1074; Stanton, at 694; Guiness Imports, at 614. Furthermore, with respect to the third factor, the Supreme Court has differentiated between general and specific personal jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). A court may exercise specific personal jurisdiction over a nonresident defendant where the cause of action arises from, or is connected to, the defendant's contacts with the forum state.[3] Steinbuch, at 586; Dever, at 1073; *see also*,

---

[3]Where a nonresident defendant has "continuous and systematic" contacts with the forum state, courts in the forum state may exercise general personal jurisdiction over the defendant, even where the cause of action or alleged injury is unrelated to the contacts or has no connection with the forum state. *See*, Steinbuch, at 586 (internal citations omitted). It is not entirely clear from the plaintiffs' complaint whether they are asserting specific or general personal jurisdiction; however, since the crux of this action concerns monthly bills for landline service and allegedly unauthorized prepaid charges appearing on said bills, the Court will treat the plaintiffs' complaint as asserting specific personal jurisdiction.

Burger King Corp, 471 U.S. at 472.

The Court has carefully reviewed the plaintiffs' complaint, the instant motion and memorandum of law in support [23], and finds the defendants' grounds for lack of personal jurisdiction well-founded. There is nothing before the Court which demonstrates that these defendants have transacted any business in the State of Missouri. Furthermore, there is nothing before the Court which demonstrates that these defendants committed a tort in Missouri. These defendants are not responsible for the billing of AT&T Missouri customers' landline telephone service, and thus, have not collected any monies from the plaintiffs (or the putative class). There is no evidence before the Court which demonstrates that these defendants have had sufficient minimum contacts with Missouri consistent with due process. Thus, there is nothing before the Court which remotely establishes that this Court can specific (or general) personal jurisdiction over these defendants. In the present case, the only connection to Missouri is that the plaintiffs and counsel reside in Missouri. This alone fails to meet either Missouri's Long Arm Statute or the Due Process Clause of the Fourteenth Amendment. In failing to respond to the instant motion, plaintiffs have failed to offer any evidence which meets their *prima facie* burden of establishing this Court's personal jurisdiction over these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendants AT&T, Inc.'s and American Telephone & Telegraph Co.'s motion to dismiss [22] be and is **GRANTED** for the reasons set forth in their motion to dismiss and memorandum of law in support [23]. This cause of action is hereby **DISMISSED WITH PREJUDICE** in its entirety as to defendants AT&T, Inc. and American Telephone & Telegraph Co. No further action shall be taken in this case.

Dated this  18th    day of April, 2011.

                                                                                             _____
                                                                                             UNITED STATES DISTRICT JUDGE