UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM ARNOLD, WILLIAM PRUITT and ROSE YOUNG PRUITT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AT&T, INC., AT&T CORP., AMERICAN TELEPHONE and TELEGRAPH CO., and SOUTHWESTERN BELL TELEPHONE CO. d/b/a AT&T MISSOURI, <br><br> Defendants. | Case No. 4:10CV2429SNLJ |

## MEMORANDUM AND ORDER

Plaintiffs are landline telephone customers of the defendants. Their claims arise out of and relate to charges on their telephone bills which they allege they were billed for, and paid for, products or services from third parties that they did not order or authorize. Specifically, they allege that they incurred unauthorized prepaid services charges for services that came under the names of Enhanced Services, HBS Billing Services, and/or ILD Teleservices. They have filed a putative nationwide class action complaint for damages against the defendants for violation of the Federal Communications Act (FCA) (Count I); unjust enrichment (Count II); breach of written contract (Count III); breach of the implied covenant of good faith and fair dealing (Count IV); common law fraud (Count V); violation of the Missouri Merchandising Practices Act (MMPA)(Count VI); and conspiracy to commit fraud (Count VII). This matter is before the Court on defendants AT&T, Inc.'s and American Telephone and Telegraph Co.'s (hereinafter

referred to as simply American Telephone) Rule 12(b)(2) motion to dismiss [22], filed March 21, 2011. Responsive pleadings have now all been filed and this matter is ripe for disposition.[1]

The purpose of a motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12 motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the

---

[1]Defendants' motion to dismiss was originally granted by the Court on April 18, 2011. *See*, Court Order [25] based on both the grounds addressed by the motion and the lack of any responsive pleading by plaintiffs. However, on April 29, 2011 plaintiffs filed a motion to set aside judgment pursuant to Rule 60 [27] asserting that the failure to address the instant motion was due to the departure of the counsel from the law firm of record. The Court granted the plaintiffs' motion and allowed a short period of time for plaintiffs to file their response. *See*, Court Order [32], filed May 31, 2011. The parties have now fully briefed the instant motion for the Court's review again.

elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.").

In support of jurisdiction, plaintiffs plead that they are Missouri residents, and that the defendants are subject to personal jurisdiction in this judicial district, and a substantial part of the events giving rise to their claims occurred in this judicial district. Plaintiffs' Complaint [1], ¶¶3 and 4. Plaintiffs further allege that defendants AT&T, Inc. and American Telephone "at all times relevant w[ere] doing business in the State of Missouri." Plaintiff's Complaint [1], ¶¶ 5 and 7.

As stated before, plaintiffs are residents of Missouri. All of the named defendants, including AT&T, Inc. and American Telephone, are simply referred to as "foreign

corporation[s]", and that "at all times relevant, w[ere] doing business in the State of Missouri." Plaintiffs' complaint does not aver that any of the alleged misconduct actually occurred in Missouri (other than the charges appeared on billings which the Court will assume, for purposes of this motion, were received in Missouri). Plaintiffs' complaint does not aver that any communications involving these two (2) defendants transpired to or from Missouri. Plaintiffs simply allege that upon discovery of the purported unauthorized prepaid services, they "called Defendants' customer service" to inquire about the charges. Plaintiffs do not allege that any contracts were signed or negotiated by either one of these two (2) defendants in Missouri.

In the instant matter, defendants AT&T, Inc. and American Telephone attest that they are both incorporated in Delaware; and that AT&T, Inc's principal and only place of business is in Texas, while American Telephone's principal and only place of business is in New Jersey. Both attest that they are holding companies only.[2] They both further attest that they do not provide telecommunications services to the public, nor make or sell any products or services. They both further attest that they do not have employees in Missouri; have no offices or mailing addresses in Missouri; have no owned or leased property in Missouri; do not conduct business in Missouri; pay no income, property, or franchise taxes in Missouri; and do not manufacture any product of any kind or provide any service of any kind that can find its way through the stream of commerce into the State of Missouri. *See*, Defendants' Exhibits 1 and 2, Declarations of Steven Threlkeld and Maryann McGrath.

When personal jurisdiction is challenged, the plaintiff bears the burden to show that jurisdiction exists. Miller v. Nippon Carbon Co., Ltd., 528 F.3d. 1087, 1090 (8th Cir. 2008);

---

[2]AT&T, Inc. does aver that co-defendant AT&T Missouri is an indirect subsidiary that does offer telecommunications services in Missouri; however, it has its own corporate structure and identity as a separate corporate entity.

Dever v. Hentzen Coatings, 380 F.3d. 1070, 1072-73 (8th Cir. 2004); Epps v. Stewart Information Services Corp., 327 F.3d. 642, 647 (8th Cir. 2003); Burlington Industries v. Maples Industries, 97 F.3d. 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d. 573, 575 (8th Cir. 1992); Enterprise Rent-A-Car Co. v. Stowell, 137 F.Supp.2d. 1151, 1154 (E.D.Mo. 2001). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over the challenging defendant. Steinbuch v. Cutler, 518 F.3d. 580, 585 (8th Cir. 2008)("To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state."); Dever, at 1072-73 (plaintiff must produce some evidence; conclusory allegations are insufficient to sustain the *prima facie* showing); Epps, at 647; Clune, et. al. v. Alimak AB, et. al., 233 F.3d. 538, 541 (8th Cir. 2000); Falkirk Mining Co. v. Japan Steel Works, 906 F.2d. 369, 373 (8th Cir. 1990); Enterprise Rent-A-Car, *supra.*, *citing* Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d. 519, 522 (8th Cir. 1996); *see also*, Conway v. Royalite Plastics, 12 S.W.3d. 314, 318 (Mo. 2000); Products Plus v. Clean Green, 112 S.W.3d. 120, 122 (Mo.App. 2003); Johnson Heater Corp. v. Deppe, 86 S.W.3d. 114, 119 (Mo.App. 2002)[3]. A plaintiff's *prima facie* showing must be tested "not by pleadings alone, but by affidavits and exhibits presented with the motions and in opposition thereto." Miller, at 1090 *citing* Dever, at 1072; Dever, at 1072 (citations omitted); *see*, Stevens v. Redwing, 146 F.3d. 538, 543 (8th Cir. 1998)(when considering whether personal jurisdiction exists under Missouri long-arm statute, court may inquire by affidavits or otherwise into the facts

---

[3]In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause. Romak USA v. Rich, 384 F.3d. 979, 984 (8th Cir. 2004) *citing* Dever, at 1073. Therefore, Missouri law, as well as federal law applying Missouri law, is relevant to the issue of personal jurisdiction in this case.

5

as they exist). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; the party seeking to establish the court's personal jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. Epps, at 647.

In order for a federal court to exercise personal jurisdiction over a non-resident defendant two prerequisites must be satisfied. Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010); *see* KV Pharmaceutical Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 592 (8th Cir. 2011). Firstly, the forum state's long arm statute must be satisfied. Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co, KG., 646 F.3d 589, 593 (8th Cir. 2011); Johnson, 614 F.3d at 794. Secondly, the Court must determine whether the defendant has sufficient contacts with the forum state to satisfy due process concerns of the Fourteenth Amendment. Johnson, 614 F.3d at 794; Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008). The Eighth Circuit Court of Appeals suggests the due process and long arm statute inquiries should be analyzed separately. Viasystems, 646 F.3d at 593 n.2 (*citing* Bryant v. Smith Interior Design Grp., 310 S.W.3d 227, 231 (Mo. 2010)).[4]

The reach of Missouri's long arm statute is a question of Missouri law. *See* Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 311 (8th Cir. 1982). Accordingly, the Court must accept the interpretation given the statute by the Missouri Supreme Court. *See* id. Missouri's long arm statute provides for personal jurisdiction over any person or firm who, *inter alia*, either in person or through an agent transacts business, makes a contract, or commits a tort

---

[4]At the time the parties briefed their arguments in this matter, precedent indicated only a due process inquiry was required. Since the parties briefed this issue, the Eighth Circuit in Viasystems indicated a two part inquiry, testing both the application of the state long arm statute and due process, is necessary. Viasystems, 646 F.3d at 593 n.2.

within Missouri. Mo. Rev. Stat. § 506.500.1(1)-(3). Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri." Furminator v. Wahba, No. 4:10-CV-01941, 2011 WL 3847390 at *2 (August 29, 2011) (*quoting* Bryant v. Smith Interior Design Grp., Inc., 310 S.W.2d 227, 232 (Mo. 2010)).

The second prerequisite - "minimum contacts" with the forum state -is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." J. McIntyre Mach. Ltd. v. Nicastro, 131 S.Ct. 2780, 2787 (2011). Due process requires that a plaintiff show that a non-resident have minimum contacts with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Id.; World-Wide Volkswagen v. Woodson, 498 U.S. 286, 291-92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); *see* Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109-112 (1987). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World-Wide Volkswagen, 444 U.S. at 297; Stanton v. St. Jude Medical, 340 F.3d 690, 694 (8th Cir. 2001). Minimum contacts can cover a plethora of activities; however, sufficient minimum contacts "requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Nicastro, 131 S.Ct. at 2787 (*quoting* Hanson v. Denckla, 357 U.S. 235, 253 (1958)); see Miller, 528 F.3d at 1091.

The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" Stanton, 340 F.3d at 693-94

7

(*quoting* Burger King. Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted)); *see also* Epps v. Stewart Information Servs. Corp., 327 F.3d 642, 648 (8th Cir. 2003). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." Stanton, 340 F.3d at 694 (*quoting* Burger King, 471 U.S. at 475). That is, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. In other words, the cause of action must 'arise out of' or 'relate to' a defendant's activities within a state." Romak USA v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (internal citations omitted).

Based on the due process standard espoused by World-Wide Volkswagen and International Shoe and their progeny, the Eighth Circuit Court of Appeals established a five factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. Romak USA, 384 F.3d at 984; *but see* Bryant v. Smith Interior Design Grp., 310 S.W.3d 227, 233 n.4 (Mo. 2010) (noting that the five factor test is "simply a tool" as opposed to a required test). The five factors utilized by the Eighth Circuit Court of Appeals are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Romak USA, 384 F.3d at 984. The first three factors are of "primary importance", while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Romak USA, 384 F.3d at 984; Dever, 380 F.3d at 1074; Stanton, 340 F.3d at 694; Guinness Imports, 153 F.3d at 614.

Furthermore, with respect to the third factor, the Supreme Court has differentiated between general and specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); *see also* Viasystems, 646 F.3d at 589. "'Specific jurisdiction refers to

jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" Viasystems, 646 F.3d at 593 (*quoting* Miller, 528 F.3d at 1091) (alteration in original) (omission in original)). General personal jurisdiction may be exercised if a defendant has maintained systematic and continuous presence in a forum state such that it has purposefully availed itself of the privileges of a particular state's laws to the point where exercising jurisdiction does not offend traditional notions of fair play or substantial justice. Nicastro, 131 S.Ct. at 2787; World-Wide Volkswagon, 498 U.S. at 291-92; Steibach, at 586. Unlike specific personal jurisdiction, general personal jurisdiction does not require a direct relationship between the defendant's contacts with the forum and the plaintiff's cause of action. *See*, Steinbach, at 586.

It is unclear as to whether the plaintiffs are attempting to argue specific or general jurisdiction over the defendants; however, throughout their responsive pleading they state that the "Defendants regularly, actively, knowingly and continuously conduct business in Missouri" and that alleged internet activity "documents their regular, active, knowing, and continuous business conduct within the State of Missouri.". Such phrases are indicative of an assertion of general personal jurisdiction rather than specific personal jurisdiction; thus, for purposes of the instant motion, the Court will consider whether it may assert general personal jurisdiction over these defendants.

In addition to arguing that this Court may exercise personal jurisdiction over these two (2) defendants, the plaintiffs also argue that the defendants have failed to adequately challenge personal jurisdiction due to defective affidavits pursuant to Rule 56(e)(1). The Court will address this issue first.

9

Plaintiffs contend that the defendants' affidavits[5] are defective pursuant to Rule 56(e)(1)[6] because they are not based on personal knowledge of the declarants. Plaintiffs argue that the declarants' statement that the declarations are "based upon my personal knowledge, review of corporate and business records, and interviews with appropriately knowledgeable persons" demonstrates that the information contained therein is based upon interviews with other persons and not on personal knowledge which they contend violates Rule 56. Defendants counter that all the information contained in the declarations is accurate and that the declarants, due to their professional status, are competent to testify as to information they personally acquired and set forth in their respective declarations.

The Court has carefully reviewed the subject declarations and finds them to be sufficient under Rule 56(c)(4). Firstly, the plaintiffs appear to request the Court to strike the declarations without filing any motion to that effect. Secondly, plaintiffs have failed to provide the Court with any legal argument as to why the declarations are deficient under Rule 56(c)(4) other than simply quoting the opening paragraph of each declaration. Finally, plaintiffs do not dispute any statement in either declaration as to accuracy or as to its basis.

After careful consideration, the Court finds that the contents and contexts of the subject declarations are based on personal knowledge, as each declaration describes in detail and particularity factual information which each declarant either personally obtained or observed. *See*, Riggs v. City of Owensville, 2011 WL 1743691, *2-*3 (E.D.Mo., May 4, 2011). "'In some

---

[5]Plaintiffs fail to identify the "affidavits" other than by reference to "Defendants' Exhibits 1 and 2". It appears from the exhibits cited and the defendants' reply that the plaintiffs are referring to the declarations of Steven Threlkeld (Defendants' Exhibit 1) and Maryann McGrath (Defendants' Exhibit 2).

[6]In 2010, Rule 56(e)(1) was amended and its former provisions are now found in Rule 56(c)(4).

instances, courts will infer personal knowledge from the content or context of a statement in an affidavit,'where the content or context support an inference that it reflects the affiant's personal knowledge." Riggs, at *2 *quoting* Brooks v. Tri-Systems, Inc., 425 F.3d. 1109, 1111-12 (8th Cir. 2005). Furthermore, the Court finds that the personal knowledge of the facts attested to can be inferred based upon the declarants' respective positions within the corporate defendants. *See*, University of Kansas v. Sinks, 565 F.Supp.2d. 1216, 1227 (D.Kan. 2008). The declarations will not be stricken and will be considered by the Court.

In determining whether or not the Court may exercise jurisdiction over the Defendants in this matter, the Court first turns to an analysis of whether or not Missouri's long arm statute brings the Defendants within the jurisdiction of Missouri courts. Missouri's long arm statute provides that Missouri courts may exercise jurisdiction over nonresident defendants when, *inter alia*, the nonresident defendant transacts any business within the state or makes any contract within the state. Mo. Rev. Stat. 506.500(1)-(2). The goal of the Missouri long arm statute is "to extend the jurisdiction of Missouri courts to numerous classes of out-of-state defendants who could not have been sued in Missouri under the preexisting law." State ex rel Metal Serv. Center of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. 1984) (*en banc*).

Section 506.500(1) of the Missouri long arm statute confers jurisdiction over nonresidents transacting business within Missouri. Mo. Rev. Stat. 506.500(1). The statute is construed broadly, such that a single transaction can justify jurisdiction if it is the transaction sued upon. Capitol Indem. Corp. v. Citizen's National Bank of Fort Scott, N.A., 8 S.W.3d 893, 904 (Mo. App. E.D. 2000). It is not necessary that a nonresident business be qualified to transact business in Missouri in order to fall within the range of activities covered by the long arm statute. Peabody Holding Co. v. Costain Grp., PLC, 808 F.Supp. 1425, 1432 (E.D. Mo. 1992). The

11

"transacting business" section of the Missouri long arm statue is not without limits, however. The Missouri Court of Appeals limited the reach of the transacting business section of the long arm statute, holding that the "use of the mail or telephone communications, without more, does not constitute the transaction of business for the purposes of long arm jurisdiction in Missouri." Johnson Heater Corp. v. Deppe, 86 S.W.3d 114, 119 (Mo. App. 2002); Capitol Indem. Corp., 8 S.W.3d at 904; *see also* Johnson v. Woodcock, 444 F.3d 953, 955 (8th Cir. 2006) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause").

Plaintiffs argue that AT&T, Inc. is subject to the jurisdiction because it, along with the other defendants, "were doing business collectively, as alter egos and conduits of each other, whose business operations have been operated under common ownership and financial control and utilize an interrelationship of operations.". Plaintiffs' Memorandum of Law in Opposition [33], pg. 3. They aver that this "collective business operation" is conducted via the website **www.att.com**. As evidence of this "collective business operation" via the subject website, plaintiffs cite to certain statements from the website. Plaintiffs' argument is meritless.

Firstly, plaintiffs appear to lodge an argument that defendant AT&T, Inc. is the "alter ego" of the other defendants and/or that "piercing the corporate veil" will show that AT&T and the other defendants are a single "collective business operation". They cite to the website in support of these vague assertions. However, the plaintiffs' responsive pleading is completely devoid of any substantive argument, based on Missouri or Delaware law[7], which supports their theories of alter ego, "piercing the corporate veil", and/or the defendants being "conduits" for one

---

[7]Defendants contend that although the issue of personal jurisdiction is one of Missouri law, the issue of alter ego or "piercing the corporate veil" is on of Delaware law since both of the instant defendants are incorporated in Delaware.

another, especially via a website.  Not a single case is cited in support of any one of these assertions.  Plaintiffs simply reference random statements from the subject website without putting these statements in any legal context.  On this basis alone, the Court should grant the defendants' motion.

Furthermore, since the plaintiffs have failed to put these random statements from the subject website in any legal context, they have failed to adequately refute the defendants' submitted declarations in which the defendants' representatives attest that defendant AT&T, Inc. does not own or maintain the website **www.att.com** or advertise any particular service or product over the subject website.  Furthermore, plaintiffs have failed to adequately challenge the defendants' attestments that the goods and services advertised and marketed through the subject website are those of defendant AT&T's independent subsidiaries and affiliates.  At best, the statements from the website highlighted by the plaintiffs demonstrate that the website consistently refers to goods and services provided by AT&T's **subsidiaries and affiliates.**

Although unclear, it appears that plaintiffs are also vaguely contending that defendant AT&T, Inc. should be held within the jurisdiction of this Court because its subsidiaries and affiliates conduct business in Missouri, presumably via the shared website.  Plaintiffs have failed to provide the Court with any objective evidence that disputes defendant AT&T is a passive holding company that is not registered to do business in Missouri; does not manufacture, display, or sell any products or services in Missouri; has no employees in Missouri; has no physical address in Missouri; does not own, lease, manage, or maintain any real property in Missouri; and pays no income, property, or franchise taxes in Missouri.  Few Missouri courts have addressed the issue of whether the Missouri long arm statute reaches a parent company due to the alleged tortious conduct of a subsidiary.  In Weicht v. Suburban Newspapers of Greater St. Louis, Inc.,

the Missouri Court of Appeals narrowly addressed whether a parent corporation was subject to personal jurisdiction in Missouri for actions of a subsidiary which occurred in Missouri. 32 S.W.3d 592 (Mo. App. 2000). The Missouri Court of Appeals held the parent company did not have sufficient minimum contacts with Missouri to support jurisdiction pursuant to the Missouri long arm statute because the parent did not commit the allegedly tortious acts in Missouri, and the plaintiff had not shown the subsidiary was acting as an agent of the parent. Id. at 601-02.

In a similar vein, the Eighth Circuit held that a North Carolina corporation was not subject to personal jurisdiction in a Nebraska Court based upon a subsidiary's conduct in Nebraska. Peterson v. U-Haul. Co., 409 F.2d 1174 (8th Cir. 1969) (applying Nebraska's long arm statute). Nebraska's long arm statute provided jurisdiction was proper in Nebraska so long as a party either conducted business in Nebraska or committed a tortious act in Nebraska. Id. at 1183. Nebraska's long arm statute is substantially similar to Missouri's long arm statute, in that both statutes confer jurisdiction over parties that either conduct business or commit a tort with the forum state. See Mo. Rev. St. § 506.500(1)-(3); Peterson, 409 F.2d at 1183. In determining whether or not a Nebraska District Court had jurisdiction over a North Carolina company based upon business conducted by a Nebraska subsidiary, the Eighth Circuit Court of Appeals explained "the doing business of a subsidiary corporation in a state does not without more confer jurisdiction over the nonresident parent corporation." Peterson, 409 F.3d at 1184; see Cannon Mfg. v. Cudahy Packing Co., 267 U.S. 333, 334-37 (1925).

Plaintiffs have further failed to demonstrate any type of "symbiotic" relationship between AT&T, Inc. and its subsidiaries/affiliates which rises to the level such that jurisdiction over AT&T, Inc. meets the requirements of Missouri's long-arm statute.

14

In Anderson v. Dassault Aviation, 361 F.3d 449 (8th Cir. 2004), the Eighth Circuit Court of Appeals held a parent corporation which completed manufacture of a majority of its products through a subsidiary located in Arkansas was subject to personal jurisdiction in Arkansas based upon "a close, synergistic relationship that is not an abuse of the corporate organizational form." Id. at 453. Dassault, however, is distinguishable from the present case. Dassault involved a parent company knowingly sending a majority of its products to a subsidiary in Arkansas for completion before the products were distributed to purchasers in Arkansas. Here, AT&T, Inc. does not own or maintain the subject website but simply shares it with its subsidiaries and affiliates as a means for it alone to provide general corporate information; whereas the subsidiaries and affiliates use it to advertise and market products and services. *See*, SCF Marine, Inc. v. Mississippi Lime Co., 2009 WL 3517530, *3 (E.D.Mo. Oct. 23, 2009)(citations omitted)(simply making information available on a website available to those who are interested is not enough to establish personal jurisdiction). While the subject website is viewable in Missouri, it is not based in Missouri. *See*, Johnson, 614 F.3d. at 796 (accessibility of website in Missouri alone is insufficient to confer personal jurisdiction); Greenbelt Resources Corp. v. Redwood Consultants, LLC, 627 F.Supp.2d. 1018, 1027 (D.Minn. 2008)(defendants should not be subject to jurisdiction in every forum in which its website is accessible absent other contacts with forum); Clearpractice, LLC v. Nimble, LLC, 2011 WL 4729827, *4 (E.D.Mo. Oct. 7, 2011)(citations omitted)(the mere operation of a website, without more, is insufficient to confer personal jurisdiction). While AT&T, Inc. certainly derives a benefit from its subsidiaries and affiliates' use of the website name, the relationship between parent and subsidiary does not approach the same level of symbiosis found in Dassault.

Further, in Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG, the Eighth Circuit cautioned against the misapplication of Dassault. 646 F.3d 589, 596 (8th Cir. 2011). The Eighth Circuit explained that determining whether or not a parent purposefully directed products at a forum state and attributing the conduct of a subsidiary to a parent within a given forum should be "conceptually separate" inquiries. Id. The Eighth Circuit Court of Appeals opined that attribution of subsidiary conduct to a parent entity for jurisdictional purposes requires a degree of parental control and domination. Id. Although not quantifying the degree of parental control and domination required, the Eighth Circuit equated the parental relationship necessary to attribute the conduct of a subsidiary to its parent corporation with the alter ego relationship required by Epps v. Stewart Information Services Corp., 327 F.3d 642, 649 (8th Cir. 2003). In Epps, the Eighth Circuit Court of Appeals stated that jurisdiction over a non-resident parent corporation can be based on the actions of a resident subsidiary corporation "only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." Id.

Plaintiff has failed to sufficiently show the level of control needed to attribute any one of the subsidiaries or affiliates' conduct to AT&T, Inc. Plaintiffs cite to random portions of the subject website to show that there is some common link between the website and AT&T, Inc.; however, it provides no objective evidence showing that use of the AT&T brand, logo, trademarks, and service marks by the subsidiaries and affiliates as referenced on the website signify that defendant AT&T, Inc. offers these products and/or services, much less offer them in

Missouri.[8]  Such an arrangement does not reach the level of control as set forth in Epps.  *See*, Englert v. Alibaba.com Hong Kong Ltd., 2012 WL 162495, *3-*5 (E.D.Mo. Jan. 19, 2012); Cepia, LLC v. Alibaba Group Holding, Ltd., 2011 WL 5374747 *6 (E.D.Mo. Nov. 8, 2011).

Plaintiffs have failed to carry their burden to show that personal jurisdiction exists as to defendant AT&T, Inc.[9]  Plaintiffs have failed to show how and/or why this Court should consider AT&T, Inc. to be the "alter ego" or "conduit" of the other defendants; or why "piercing the corporate veil" will show same.  Plaintiffs have failed to show how the website **www.att.com** demonstrates the level of control required to show that the conduct of any of the alleged subsidiary defendants can be attributed to defendant AT&T, Inc.  Plaintiffs have failed to sufficiently argue that AT&T, Inc. and any of its subsidiaries/affiliates are agents or alter egos of one another sufficient to subject AT&T, Inc. (and in the same instance, defendant American Telephone & Telegraph Co.) to personal jurisdiction in Missouri.

---

[8]The Court notes for the record that the plaintiffs' exhibits 5-18 are presumably excerpts from the website **www.att.com**.  These "excerpts" are not authenticated, and there is no affidavit by anyone attesting that he or she accessed this website on a certain date, and that what is before the Court is an actual representation of the website or whether the exhibits depict the website in total or only in portions.  Consequently, although the Court considered these exhibits, the Court gave them little weight in its consideration due to the admissibility flaws inherent in these submitted exhibits.

[9]The Court concurs with the defendants' contention that the instant motion should be granted as to American Telephone solely because plaintiffs have failed to carry their burden by failing to make any argument whatsoever regarding personal jurisdiction over defendant American Telephone. Their entire responsive pleading deals only with AT&T, Inc. and the issue of personal jurisdiction over it via the subject website.  Again, plaintiffs generally allege a "collective business operation" among all the defendants but fail to provide any objective evidence to support this generalized contention, especially as to AT&T, Inc. and American Telephone & Telegraph Co., the two defendants bringing the instant motion.

The evidence before the Court is that defendants AT&T, Inc. and American Telephone & Telegraph Co. have had no contact whatsoever with Missouri rising to the level required by Missouri's long-arm statute.

Even if this Court could exercise jurisdiction over defendant AT&T, Inc. and American Telephone & Telegraph Co. pursuant to Missouri's long-arm statute, plaintiffs have fail to establish that exercising personal jurisdiction over these two (2) defendants comports with due process. In fact, the plaintiffs completely fail to address whatsoever whether exercising such jurisdiction meets the applicable due process standard; i.e., they fail to show or argue at all that the website alone establishes the requisite minimum contacts with Missouri to permit the exercise of personal jurisdiction consistent with due process. There is absolutely no showing that the defendants' contact with Missouri via the subject website is sufficient so that these defendants should reasonably anticipate being haled into court in Missouri; i.e., no showing that these defendants have met the "purposeful availment requirement" of due process.

Albeit that the plaintiffs have completely failed to address the due process component of personal jurisdiction, the fact remains that all they have shown is that a website exists which is shared by AT&T, Inc. along with numerous subsidiaries and affiliates. There is no dispute that no other "contact" with Missouri by these two (2) defendants exists. Existence of a website which is neither owned nor controlled by these two (2) defendants, and which only provides general corporate information as to defendant AT&T, Inc. fails to meet the five-factor test advocated by the Eighth Circuit Court of Appeals. Having made no showing establishing sufficient quality and quantity of contacts in Missouri, the plaintiffs have failed to meet their burden to demonstrate that the exercise of personal jurisdiction over these two (2) defendants would satisfy due process.

Plaintiffs have failed to sufficiently demonstrate that Missouri's long-arm statute is satisfied because defendants AT&T, Inc. and American Telephone & Telegraph Co. transact business in the State of Missouri, as the "alter ego" and/or conduit of the other defendants, via the website **www.att.com**. Furthermore, even if plaintiffs had established personal jurisdiction over these two (2) defendants in satisfaction of Missouri's long-arm statute, plaintiffs have still failed to sufficiently demonstrate that the exercise of personal jurisdiction over these two (2) defendants meet the constitutional requirements of the Due Process Clause of the Fourteenth Amendment.

Since this Court cannot exercise personal jurisdiction over defendants AT&T, Inc. and American Telephone & Telegraph Co., whether it be specific or general, the Court will grant the defendants' motion to dismiss and dismiss all claims against these two (2) defendants pursuant to Rule 12(b)(2) Fed.R.Civ.P.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [22] be and is **GRANTED.** Plaintiffs' complaint, in its entirety as to all claims against defendants AT&T, Inc. and American Telephone & Telegraph Co., is hereby **DISMISSED WITHOUT PREJUDICE** for the afore-referenced reasons.

Dated this  14th  day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE